## 58520. TURNER v. THE STATE.

BIRDSONG, Judge.

Tony D. Turner was tried for malice murder and convicted of voluntary manslaughter. The appellant was sentenced to serve twelve years. On March 7, 1979, appellant filed pro se an appeal to this conviction and sentence. Pursuant to that motion based on indigency, appellate counsel was appointed to prosecute the appeal. This court is lead to believe by the appellee that inquiry of the court-appointed counsel discloses that Turner no longer desires such representation.

Appellant's appeal was docketed in this court on July 9, 1979. No enumerations of error or briefs were filed in this court within twenty days after the case was docketed. The clerk ordered the filing of the enumerations of error within five days and no later than 4:30 p.m., August 8,

36

1979 or in the alternative withdraw the appeal. As of the date of the scheduled hearing, no enumerations of error or briefs were filed in said case, nor was any extension of time requested. See Rule 14 (a) (Code Ann. § 24-3614).

Under the circumstances, upon the call of the case, there having been no appearances in person or by counsel, we would be warranted in dismissing the appeal for want of prosecution, *Stroud v. State,* 137 Ga. App. 604 (224 SE2d 525). However, in an abundance of concern for the rights of the appellant, we have carefully examined the record and transcript. In the absence of an enumeration of errors or a brief, we cannot ascertain what precipitated the filing of appellant's notice of appeal. Nevertheless a careful examination of the record and transcript discloses that the evidence supports the crime of murder as well as the crime of voluntary manslaughter. Thus we find that there was ample evidence submitted to the jury and available for their consideration to convince a reasonable trier of fact of the guilt of the appellant of voluntary manslaughter beyond a reasonable doubt without concern for equivocation or compromise. The charge of the court was full and correct and presented the affirmative defenses that appellant advocated. In short, we find no error, procedural or substantive, sufficient to cause prejudice to any of the appellant's substantial rights nor giving rise to the need for a new trial.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED OCTOBER 24, 1979.

Tony D. Turner, *pro se.*

*Charles A. Pannell, Jr., District Attorney, Diane Cook, Assistant District Attorney,* for appellee.